Robert G. Shepherd, Esq. (RGS-5946)
Brooks R. Bruneau, Esq. (BRB-5523)
Kristine Butler, Esq. (KB-2492)
**MATHEWS, SHEPHERD, McKAY & BRUNEAU, P.A.**
29 Thanet Road, Suite 201
Princeton, New Jersey 08540-3674
(609) 924-8555 Telephone
(609) 924-3036 Facsimile

Attorneys for Defendants and Counterclaimants,
RANBAXY PHARMACEUTICALS, INC.,
RANBAXY INC. AND
RANBAXY LABORATORIES LIMITED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, KBI INC. AND KBI-E INC., <br><br> Plaintiffs, <br><br> v. <br><br> RANBAXY PHARMACEUTICALS, INC., RANBAXY INC. AND RANBAXY LABORATORIES LIMITED, and IVAX CORPORATION, IVAX PHARMACEUTICALS, INC., IVAX PHARMACEUTICALS NV, INC., TEVA PHARMACEUTICALS USA, INC., AND TEVA PHARMACEUTICAL INDUSTRIES LTD., <br><br> Defendants. | Consolidated Civil Action No. 05-5553 (JAP) <br><br> Honorable Joel A. Pisano, U.S.D.J. <br> Honorable Tonianne J. Bongiovanni, U.S.M.J. <br><br> **RANBAXY'S REPLY IN SUPPORT OF ITS MOTION TO ISSUE LETTERS OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS TO THE APPROPRIATE JUDICIAL AUTHORITY IN SWEDEN** <br><br> RETURN DATE: October 1, 2007 |
| RANBAXY PHARMACEUTICALS, INC., RANBAXY INC. AND RANBAXY LABORATORIES LIMITED, <br><br> Counterclaimants, <br><br> v. <br><br> ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, KBI INC. AND KBI-E INC., <br><br> Counterdefendants. | **Document Electronically Filed** |

# TABLE OF CONTENTS

**PAGE NO.**

I.      INTRODUCTION ...................................................................................................1

II.     ASTRAZENECA LACKS STANDING TO OBJECT TO THE
        LETTER OF REQUEST FOR DISCOVERY FROM THIRD
        PARTIES ...............................................................................................................2

III.    RANBAXY'S LETTER OF REQUEST IS APPROPRIATE
        AND NECESSARY TO OBTAIN EVIDENCE FROM MR.
        MATTSON AND MS. MÖLLER LEANDER ......................................................3

        A.      The Facts Of This Case Support Issuing A Letter Of
                Request To Conduct The Necessary Discovery.......................................4

        B.      A Letter Of Request Will Be Effective To Facilitate The
                Gathering Of Evidence ...........................................................................5

                1.      Any Benefits Of The Parties Reaching Agreement
                        Regarding Coordinated Depositions Have Nothing
                        To Do With Whether The Depositions Proceed
                        Under The Hague Convention Or Pursuant To A
                        Stipulation Among The Parties ...................................................5

                2.      Issuing A Letter Of Request Will Not Require
                        Additional Resources ..................................................................6

IV.     THIS COURT NEED NOT ATTEMPT TO RESOLVE ISSUES
        REGARDING THE SCOPE OF SWEDISH LAW ..........................................7

V.      CONCLUSION...................................................................................................10

# TABLE OF AUTHORITIES

**PAGE NO.**

*- In re Auto. Refinishing Paint Antitrust Litig.*,
358 F.3d 288 (3d Cir. 2004)................................................................................ 3

*In re Baycol Prods. Litig.*,
    348 F. Supp. 2d 1058 (D. Minn. 2004)............................................................ 8

*The Gap, Inc., v. Stone Int'l Trading Inc*.,
    No. 93-0638 (SWK),
    1994 U.S. Dist. LEXIS 1097 (S.D.N.Y. Feb. 4, 1994)..................................... 8

*Pasco Int'l Ltd. v. Stenograph Corp*.,
    637 F.2d 496 (7th Cir. 1980) .......................................................................... 4

*PkFinans Int'l Corp. v. IBJ Schroder Leasing Corp*.,
    No. 93-5375 (SAS)(HBP), 96-1816 (SAS)(HBP),
    1996 WL 591213 (S.D.N.Y. Oct. 10, 1996) ............................................. 2, 3

*Societe Nationale Industrielle Aerospatiale v.*
    *U.S. Dist. Ct. for the S. Dist. Of Iowa*,
    482 U.S. 522 (1987)................................................................................. 4, 8, 9

*Tulip Computers Int'l B.V. v. Dell Computer Corp.*,
    254 F. Supp. 2d 469 (D. Del. 2003)............................................................ 3, 8

# OTHER AUTHORITIES

Fed. R. Civ. P. 34 ................................................................................................ 4

Fed. R. Civ. P. 45 ................................................................................................ 4

Defendants Ranbaxy Pharmaceuticals, Inc., Ranbaxy Inc. and Ranbaxy Laboratories Limited (collectively "Ranbaxy") submit this reply in support of their Motion to issue a Letter of Request ("the Request") seeking international judicial assistance in Sweden to take oral deposition testimony, and to obtain documents from, named inventors Hanna Cotton, Anders Mattson, and Eva Möller Leander.

## I. **INTRODUCTION**

Ranbaxy seeks information and documents that are relevant and discoverable under U.S. law from three named inventors who reside in Sweden and are former AstraZeneca employees. AstraZeneca objects to using the Hague Convention to obtain this discovery on a number of meritless grounds.   Although AstraZeneca agrees that Hague Convention procedures are appropriate for one of the inventors, Hanna Cotton, AstraZeneca's first main assertion is that Hague Convention procedures may not ultimately be necessary for the other two inventors, Anders Mattson and Eva Möller Leander, because those inventors may appear for their depositions voluntarily.   AstraZeneca's second main assertion is that some of the requests are broader than the Swedish authorities may allow.   Neither of these arguments is a valid basis for denying Ranbaxy's request.

As a preliminary matter, AstraZeneca lacks standing to assert any objections to Ranbaxy's request for international assistance in obtaining discovery from these third-party inventors.

AstraZeneca's assertion that Mr. Mattson and Ms. Möller Leander may voluntarily provide discovery, subject to the parties reaching mutual agreement as to deposition procedures

and scheduling, is irrelevant.  Despite months of requests by Ranbaxy, neither Mr. Mattson nor Ms. Möller Leander has voluntarily agreed to produce documents or to appear for deposition. Unless and until they do, this Request remains the only means for ensuring that Ranbaxy will be able to obtain discovery from them.

AstraZeneca's assertions about Swedish law are also irrelevant.  Any issues regarding the scope of discovery permitted under Swedish law will be properly resolved by the Swedish authorities.  It would be inefficient, and extraordinarily difficult, for this or any other U.S. court to attempt to figure out how the Swedish Central Authority and/or the Swedish courts might interpret Swedish law in executing requests for assistance under the Hague Convention.  As a matter of international comity and common sense, U.S. courts have determined that such issues of scope are properly decided by the foreign authorities, and are not a valid basis for denying requests under the Hague Convention.

## II.  ASTRAZENECA LACKS STANDING TO OBJECT TO THE LETTER OF REQUEST FOR DISCOVERY FROM THIRD PARTIES

Ranbaxy requests that this Court ask the Swedish authorities to assist in obtaining evidence from third-party Swedish citizens pursuant to the Hague Convention.  AstraZeneca does not dispute that the requested information is relevant and discoverable under U.S. law.  Any issue with the scope of the requests under Swedish law is a matter between Ranbaxy and the third-party deponents (or the Swedish authorities from whom assistance is requested). AstraZeneca has not asserted that any of its interests are implicated by the scope of the Hague requests directed to these third parties.  Therefore, AstraZeneca lacks standing to object to the scope of these Hague requests.  *See PkFinans Int'l Corp. v. IBJ Schroder Leasing Corp.*, Nos. 93-5375 (SAS)(HBP), 96-1816 (SAS)(HBP), 1996 WL 591213, at *3 (S.D.N.Y. Oct. 10, 1996)

(no third party standing in the absence of a claim of privilege); *see also Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003) (implicitly recognizing standing to raise privilege issues).

In *PkFinans*, the plaintiff objected to a Hague request for discovery of a Swedish citizen that had formerly sat on its Board of Directors on the grounds that the parties had an agreement regarding the terms of his deposition, the information could be obtained from other sources, the request was not presented in the correct format and the scope of the request was overbroad. *See id.* These are the same types of objections raised by AstraZeneca. The Southern District of New York rejected all of those arguments and granted the letter of request on the grounds that *PkFinans* lacked standing to object to discovery from a non-party. *Id.* The lack of standing is even clearer in this case because AstraZeneca's attorneys have indicated that they intend to represent the third-party inventors at their depositions, but have not raised any objections on their behalf. It would be particularly inappropriate to allow AstraZeneca to raise objections on behalf of third-parties when the third-parties have elected not to raise any objections. Accordingly, the Court should summarily reject AstraZeneca's improperly raised objections because AstraZeneca lacks standing to assert them.

The Court should also reject AstraZeneca's arguments for the additional reasons set forth below.

## III.  RANBAXY'S LETTER OF REQUEST IS APPROPRIATE AND NECESSARY TO OBTAIN EVIDENCE FROM MR. MATTSON AND MS. MÖLLER LEANDER

The Hague Convention procedures "are available whenever they will facilitate the gathering of evidence." *In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 300 (3d Cir. 2004). A Letter of Request pursuant to the Hague Convention is appropriate for gathering

documents and testimony from Swedish inventors Mr. Mattson and Ms. Möller Leander.  The Third Circuit has adopted a three-part test to determine whether employing Hague Convention procedures are appropriate in a particular case.  This test involves consideration of "the particular facts, sovereign interests, and likelihood that such resort will prove effective."  *Id.* (*quoting Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for the S. Dist. Of Iowa*, 482 U.S. 522, 544 (1987)).  AstraZeneca does not assert that employing Hague Convention procedures would violate any sovereign interests of Sweden.  The Court should grant this Request because the particular facts and likelihood of efficiency support granting this request.

A.      **The Facts Of This Case Support Issuing A Letter Of Request To Conduct The Necessary Discovery**

AstraZeneca argues that the Hague Convention should not be employed because sufficient procedures for deposing these individuals exist under the Federal Rules of Civil Procedure.  (Opp'n at 6.)  That is false.  Mr. Mattson and Ms. Möller Leander are both citizens of Sweden who are otherwise outside the scope of this Court's jurisdiction and cannot be compelled to appear under the Federal Rules.  *See*, *e.g.*, Fed. R. Civ. P. 34(c); Fed. R. Civ. P. 45(b)(2); *Pasco Int'l Ltd. v. Stenograph Corp.*, 637 F.2d 496, 504 n. 18 (7th Cir. 1980).  Employing the Hague Convention procedures is therefore necessary on these particular facts.

AstraZeneca asserts that Mr. Mattson and Ms. Möller Leander need not be compelled to appear under the Hague Convention because they may appear for depositions voluntarily in New York, provided that all parties (including the unrelated Teva defendants) agree to mutual deposition procedures.  (AstraZeneca Ex. D.)  Although Ranbaxy hopes that Mr. Mattson and Ms. Möller Leander will appear voluntarily, their voluntary appearance is not certain.  Moreover, AstraZeneca expressly concedes that the Hague Convention procedures can be "unduly time-

consuming[.]" (Opp'n at 6-7).   Accordingly, Ranbaxy is appropriately initiating the Hague Convention process at this time in case the witnesses do not end up agreeing to provide discovery voluntarily.

**B.      A Letter Of Request Will Be Effective To Facilitate The Gathering Of Evidence**

AstraZeneca asserts that Ranbaxy has not established that the Hague Convention procedures would be effective to obtain evidence in this case.   (Opp'n at 6).   However, AstraZeneca cannot dispute that, unless and until the witnesses voluntarily agree to provide the requested discovery, the Hague Convention is the only way to obtain evidence from these individuals.   Accordingly, this request should be granted in case the parties are unable to arrive at an agreement.

AstraZeneca's real argument is that proceeding with the Hague Convention is not as efficient as if the witnesses voluntarily agree to provide discovery in the United States.   Ranbaxy agrees.   However, AstraZeneca's failure to obtain such agreement is not grounds for denying this request.

**1.      Any Benefits Of The Parties Reaching Agreement Regarding Coordinated Depositions Have Nothing To Do With Whether The Depositions Proceed Under The Hague Convention Or Pursuant To A Stipulation Among The Parties**

AstraZeneca argues that, instead of resorting to the Hague Convention, the parties should agree to a coordinated and consolidated deposition schedule pursuant to which Mr. Mattson and Ms. Möller Leander may appear voluntarily.   This is a non-sequitor as the two issues are entirely distinct.   Ranbaxy does not oppose coordinated depositions of Mr. Mattson and Ms. Möller Leander, and such a process may indeed be efficient in light of the large number of potential

deponents.  However, the parties are equally free to agree on coordinated deposition procedures regardless of whether these two former employees appear voluntarily or pursuant to the Hague Convention.  Any benefits of coordination would be realized whether these depositions are scheduled by the Hague Convention or by stipulation, and is not relevant to this Request.

Ranbaxy would be willing to depose the witnesses through a voluntary agreement. However, to date, AstraZeneca has been unwilling or unable to definitively confirm the attendance of Mr. Mattson or Ms. Möller Leander, stating that their appearance depends on the deposition arrangements.  (AstraZeneca Ex. D).  AstraZeneca has also conditioned the witnesses' voluntary appearance upon agreement between themselves, Ranbaxy, and Teva as to uniform deposition procedures.  Moreover, AstraZeneca initially refused even to commence discussion on deposition procedures until document production was complete.  AstraZeneca only changed its position and agreed that the matter was ripe for discussion in its opposition to this Request. The uncertainty surrounding AstraZeneca's proposed deposition process, coupled with the lengthy process surrounding a Letter of Request, compels Ranbaxy to initiate Hague Convention procedures at this time.  In the event that an agreement is reached with AstraZeneca and Teva, Ranbaxy will notify Swedish authorities that their assistance is no longer necessary.

### 2.    Issuing A Letter Of Request Will Not Require Additional Resources

AstraZeneca further argues that resorting to the Hague Convention will result in redundant document production, unnecessary expenses, and unnecessary time consumption, none of which is accurate.  (*See* Opp'n at 6-7, 9.)

AstraZeneca states that many of the documents demanded in Ranbaxy's Letter of Request were also requested from, and are likely to be produced by, AstraZeneca.  This is not a reason for denying Ranbaxy's motion.  To the extent that the Letter of Request seeks documents that

AstraZeneca has already produced, AstraZeneca's counsel, who are also counsel for the Swedish witnesses, need not produce additional copies of those documents, provided they identify by production number which documents are in each witnesses' possession, custody or control.

AstraZeneca's argument regarding unnecessary additional expenses also contradicts its arguments regarding the likelihood of the witnesses voluntarily providing discovery. If the witnesses ultimately agree to appear in the U.S., then there will be no need to proceed under the Hague Convention and neither the parties nor the witnesses will incur any additional expenses. On the other hand, if the witnesses do not end up voluntarily providing discovery, then the Hague Convention procedures will be absolutely necessary. The only unnecessary expenses are the ones Ranbaxy has had to incur as a result of AstraZeneca's meritless opposition to this Request.

Lastly, AstraZeneca's concern about the length of time involved with the Hague Convention process is precisely why this request is proper now. As explained above, Ranbaxy hopes to obtain discovery from the inventors voluntarily in the U.S., as proposed by AstraZeneca. In the event that an agreement cannot be reached, however, it would be far more efficient to have already begun the Hague Convention procedures than to risk further delays in the discovery schedule and potentially having to postpone dispositive motions and/or trial dates.

## IV. THIS COURT NEED NOT ATTEMPT TO RESOLVE ISSUES REGARDING THE SCOPE OF SWEDISH LAW

AstraZeneca agrees that international assistance in obtaining discovery from Ms. Cotton is appropriate and probably necessary. (AstraZeneca Ex. G). AstraZeneca only disputes the breadth of some of the topics identified in the Request based on AstraZeneca's interpretation of Swedish law (AstraZeneca also objects to the scope of the corresponding requests of Mr.

Mattson and Ms. Möller Leander on the same grounds).  Fortunately, this Court need not attempt to determine the scope of discovery under Swedish law in deciding whether to grant the Letter of Request.  If appropriate, the Letter of Request can and will be narrowed by the appropriate Swedish authorities.  *Tulip Computers*, 254 F. Supp. 2d at 475 ("If Dell's document requests are overly broad under the law of the Netherlands, as Tulip maintains, then the requests will presumably be narrowed by the appropriate judicial authorities in the Netherlands before any documents are produced."); *In re Baycol Prods. Litig.*, 348 F. Supp. 2d 1058, 1061 (D. Minn. 2004) ("The Court agrees that whether the Letter Request will be executed in light of Italy's Article 23 reservation, or whether the Letter Request conflicts with Article 329 of the Italian Code of Criminal Procedure, require interpretation of Italian law, which is best left to the appropriate Italian tribunal."); *The Gap, Inc., v. Stone Int'l Trading Inc.*, No. 93-0638 (SWK), 1994 U.S. Dist. LEXIS 1097, at *4 (S.D.N.Y. Feb. 4, 1994) ("it is the responsibility of the executing country . . . to 'apply the appropriate measures of compulsion' as required by its internal law").  The issue of the scope of the request is not a proper basis for denying a Letter of Request.  *In re Baycol*, 348 F. Supp. 2d at 1061 (D. Minn. 2004) ("Such arguments are thus not a basis for quashing the Letter Request at issue here.").

Moreover, an Article 23 reservation, such as that made by Sweden, prevents discovery only for requests that lack sufficient specificity or have not been reviewed for relevancy by the issuing court.  *Aerospatiale*, 482 U.S. at 565 (Blackmun, J., concurring in part, dissenting in part) ("Thus, in practice, a reservation is not the significant obstacle to discovery under the Convention that the broad wording of Article 23 would suggest.").  In this case, the three witnesses are named inventors of the patents-in-suit and the requested information is relevant to issues such as testing and clinical studies of AstraZeneca's Nexium® product and related

compounds, prosecution of patents related to Nexium®, and records regarding conception and inventorship.   Therefore, the information requested is relevant to the case at hand and appropriately tailored to obtain the requested information.   Any further narrowing necessary to accommodate foreign law will be accomplished by the Swedish authorities.  *See Aerospatiale,* 482 U.S. at 542 ("It is well known that the scope of American discovery is often significantly broader than is permitted in other jurisdictions, and we are satisfied that foreign tribunals will recognize that the final decision on the evidence to be used in litigation conducted in American courts must be made by those courts.").

## V.    <u>CONCLUSION</u>

As set forth above, Hanna Cotton, Anders Mattson, and Eva Möller Leander each possess information directly relevant to this lawsuit.  Accordingly, Ranbaxy requests that the Court grant this motion and (1) execute Ranbaxy's Letter of Request, and (2) return the executed Letter of Request to Ranbaxy for delivery to the appropriate Swedish authority.


Respectfully submitted,


Dated:  September 27, 2007          By: s/Robert G. Shepherd
                                    Robert G. Shepherd, Esq. (RGS-5946)
                                    Brooks R. Bruneau, Esq. (BRB-5523)
                                    Kristine Butler, Esq. (KB-2492)
                                    **MATHEWS, SHEPHERD, McKAY & BRUNEAU, P.A.**
                                    29 Thanet Road, Suite 201
                                    Princeton, New Jersey 08540-3674
                                    (609) 924-8555 Telephone
                                    (609) 924-3036 Facsimile

                                    Attorneys for Defendants and Counterclaimants,
                                    RANBAXY PHARMACEUTICALS, INC.,
                                    RANBAXY INC. AND
                                    RANBAXY LABORATORIES LIMITED

**OF COUNSEL:**

Darrell L. Olson, Esq.
William R. Zimmerman, Esq.
Payson LeMeilleur, Esq.
Benjamin A. Katzenellenbogen, Esq.
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, 14th Floor
Irvine, California 92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile

4303133_6